## Case No. 13,704.

SWOPE v. PURDY.

[1 Dill. 349; [1] 2 West. Jur. 167.]

Circuit Court, D. Kansas. 1870.

### TAXATION—KAW HALF-BREED LANDS—INDIAN RESERVATION—TAX TITLES.

1. A sale of lands for taxes in Indian reservation not subject to state taxation is void.

[Cited in Wau-pe-man-qua v. Aldrich, 28 Fed. 497.]

[Cited in Phillips v. Jefferson Co. Com'rs, 5 Kan. 417.]

2. A state statute of limitations is not applicable to a sale of lands exempted, by federal authority, from state taxation.

[Cited in Tayler v. Miles, 5 Kan. 506.]

This action was brought by plaintiff to recover possession of a section on reserve No. 16, of these lands. Plaintiff offered in evidence the treaty made with the Indians in 1825 [7 Stat. 244], in which a reservation of the lands in controversy was made to one Joseph Butler, who conveyed the same to the plaintiff. Defendant offered in evidence a tax deed for the land in controversy, and deed from Joseph Butler, reservee to R. S. Stevens, dated August 15, 1860 (to show outstanding title).

J. T. Morton, for plaintiff.
W. Shannon, for defendant.

MILLER, Circuit Justice, held:
1. That the legal title to the land reserved to Butler did not vest in him by the treaty of 1825.
2. That although the first section of the act of 1860 [12 Stat. 21] concerning these reservations, if standing alone, was sufficient to vest a full fee simple title in Butler, with right of alienation, yet by the second and third sections of that act, the right of alienation was taken away and vested in the United States in trust for Butler. The deed of Butler prior to July 17, 1862, therefore conveyed no title. Stevens v. Smith, 2 Kan. 243; Brown v. Belmarde, 3 Kan. 41.
3. That under the decision of the supreme court of the United States, in the case of

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Blue Jacket v. Johnson Co., at the December term, 1866, lands so situated were not liable to state taxation. The Kansas Indians, 5 Wall. [72 U. S.] 737.

4. Consequently the tax sale and tax deed were void, and conferred no title.

5. The fifty-seventh section of the tax law of Kansas, which forbids suits to be brought for lands sold for taxes unless brought within two years after the tax deed is recorded, is not applicable to this case, for two reasons: First, that the same act requires a tax deed to be witnessed and acknowledged before it is entitled to be recorded, and this tax deed is not witnessed; second, because the exemption of the land from state taxation, being an exemption prescribed by federal authority, no legislation of the state can extend the effect of its laws for taxation over lands exempted by federal authority.

6. The joint resolution of congress of July 17, 1862 [12 Stat. 628], removed the restriction of the right of alienation imposed by the second and third sections of the act of 1860, and therefore the deed made in 1864, by Butler to plaintiff, conveyed the legal title.

The plaintiff is therefore entitled to recover the possession of the land. Judgment accordingly.